**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-6874**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

TYRONE YOUNG,

          Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Danville. James P. Jones, Senior District Judge. (4:18-cr-00017-JPJ-1; 4:20-cv-81420-JPJ)

Submitted: November 18, 2021          Decided: November 22, 2021

Before MOTZ, THACKER, and HARRIS, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Tyrone Young, Appellant Pro Se. Kari Kristina Munro, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tyrone Young seeks to appeal the district court's order dismissing his 28 U.S.C. § 2255 motion as untimely. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

When the United States or its officer or agency is a party in a civil case, the notice of appeal must be filed no more than 60 days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its order on March 16, 2021. Young filed his notice of appeal, at the earliest, on May 26.[*] Because Young failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal. We also deny Young's motion to appoint counsel.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] For purposes of this appeal, we assume that the date appearing in the notice of appeal is the earliest date Young could have delivered the notice to prison officials for mailing to the Court. Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 278 (1988).